Edward Gr. Baker, J.
This is a proceeding to review the determination of respondent granting a decrease in rent.
Heretofore, an application was filed with the local rent administrator for a reduction in rent on the ground of decrease in service — failure to paint. The landlord objected to the proceeding claiming the applicant was not a tenant. The local rent administrator granted the application. Petitioner’s protest to respondent was denied. On a petition for review, this court remanded the matter to respondent for a determination on the question of tenancy and to take such further proceedings thereafter as might be warranted. Pursuant to such remand the respondent conducted a conference at his office.
No record of the testimony taken at such conference is submitted with the return, and respondent states he has no record thereof. Ordinarily, this matter would be remanded to take testimony and file same or a resume thereof with the return. However, the opinion and order of respondent contains a recital of the testimony taken at the conference and, since no objection is made thereto by petitioner, it will be assumed that such recital is a true recital of testimony taken at the conference.
Respondent found that the applicant was a “ tenant ” within the meaning óf subdivision 7 of section 2 of the rent laws and the State Rent and Eviction Regulations, and affirmed his pre *599 vious determination. It further appears from the opinion and order of respondent, and is not denied, that petitioner refused to answer the application for decrease on the merits until after a determination of the question of tenancy notwithstanding that respondent afforded petitioner an opportunity to present evidence with respect to the landlord’s painting and decorating practice for the subject apartment, pursuant to the order of remand, which directed respondent to take such proceedings after the determination of the question of tenancy as might be warranted.
The determination of respondent has support in the record and may not be said to be arbitrary, capricious or contrary to law. Petitioner claims that respondent’s decision provides no opportunity for him to offer a defense on the merits. Petitioner was afforded that opportunity but preferred to rest his case on the question of applicant’s status as a tenant. That question having been decided against him, he should have proceeded to defend on the merits rather than refuse so to do. Instead, he instituted proceedings for review, to test the determination of tenancy, on the probable assumption that, if the determination were affirmed, the matter would again be remanded to permit him to defend on the merits; and if, after remand, a determination on the merits were made against him, he might seek a further review of that determination. Neither the court nor the Bent Commission should be burdened with unnecessary proceedings where these may be avoided. Petitioner has had two opportunities to defend on the merits and having refused to do so may not now complain.
The petition is dismissed. Settle order on notice.